NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

C.C.J.,  )
                    Appellant,  )
                    )
v.  )       Case No. 2D17-5113
                    )
STATE OF FLORIDA,  )
                    )
                Appellee.  )
                    )

Opinion filed October 2, 2019.

Appeal from the Circuit Court for Pinellas
County; Kathleen T. Hessinger, Acting
Circuit Judge.

Howard L. Dimmig, II, Public Defender,
and William T. Sharwell, Assistant Public
Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Katherine Coombs Cline,
Assistant Attorney General, Tampa, for
Appellee.

BLACK, Judge.

        C.C.J. challenges two disposition orders rendered following the trial court's

finding that C.C.J. violated the conditions of his pretrial diversion plans in two separate

cases. C.C.J. raises multiple issues on appeal, including that the disposition orders must be reversed because a certified legal intern represented C.C.J. at the violation hearing on both cases but the record does not contain an executed written consent form verifying his acceptance of representation by the intern. We agree that the law requires a written consent for representation by a certified legal intern. R. Regulating Fla. Bar. 11-1.2(b), (e); see also C.B. v. State, 973 So. 2d 1285, 1285 (Fla. 4th DCA 2008) (stating that "the lack of a written consent to representation by a certified legal intern is fatal" even where "it appears that the supervising attorney was present and actively participated in the defense of the juvenile"). We are therefore constrained to reverse the disposition orders. We decline to address the other issues C.C.J. raises.

Reversed and remanded.


BADALAMENTI and SMITH, JJ., Concur.